UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LESTER LEFKOWITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 12-10614-FDS |
| | ) | |
| HOUGHTON MIFFLIN HARCOURT PUBLISHING CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS**

**SAYLOR, J.**

This is a dispute involving the use of photographs in educational textbooks and accompanying materials. Plaintiff Lester Lefkowitz is an independent professional photographer. He alleges that defendant Houghton Mifflin Harcourt Publishing Co. has used several hundred of his photographs in violation of his copyrights. He also contends that it has breached the contract under which it was licensed to use those photographs.

Defendant has moved to dismiss plaintiff's breach of contract claims for lack of standing, improper venue, and failure to state a claim upon which relief can be granted. For the reasons set forth below, defendant's motion will be granted.

**I.      Background**

   **A.      Factual Background**

Unless otherwise noted, the facts are set forth as alleged in the complaint.

Defendant Houghton Mifflin Harcourt Publishing Co. ("HMH") is a publisher of educational textbooks and supplementary print and digital materials. (Am. Compl. ¶ 1). In

preparing the content of its textbooks, HMH regularly uses photographs and other images that it obtains from outside sources.

Plaintiff Lester Lefkowitz is an independent professional photographer.  (Am. Compl. ¶ 2).  As part of his business, Lefkowitz has entered into a representation agreement with Corbis Corporation, a company that licenses photographs on behalf of itself and the photographers it represents.  (Am. Compl. ¶ 2, ).  Corbis maintains an on-line image library, where visitors can search for images and pay to license the images for personal or commercial use.  (Am. Compl. ¶ 2).  Lefkowitz has granted Corbis a license to display and sublicense his work.  While Lefkowitz retains copyright ownership over his images, Corbis has the authority to grant other entities the right to use those images.

HMH has entered into agreements with Corbis to use several hundred of Lefkowitz's photographs in its publications.  (Am. Compl. ¶ 10).  Those agreements set express limits on HMH's use, including the number of copies, distribution area, image size, language, duration, and media form in which the images could be used.  (Am. Compl. ¶ 10).  Under the terms of the agreements between HMH and Corbis, unauthorized use of the images could result in HMH being required to pay ten times the license fee, as well as other fees, damages, and penalties.  (Am. Compl. ¶ 12).

Lefkowitz contends that HMH has exceeded the permitted uses under the terms of its agreement with Corbis, and that this conduct constitutes an "unauthorized use" under that agreement.  (Am. Compl. ¶ 11).  He seeks payment from HMH in the amount of ten times the license fee, as provided for in HMH's contract with Corbis.  (Am. Compl. ¶ 16).

Lefkowitz's licensing agreement with Corbis provides that "Corbis, in its sole discretion

and without obligation to do so, shall have full and complete authority to make and settle claims or to institute proceedings in Corbis' or your name but at Corbis' expense to recover damages . . . for the unauthorized use of [a]ccepted [i]mages . . . . Following your notification, if Corbis declines to bring such a claim within sixty (60) days, we shall notify you, and you may bring actions in your own name at your own expense and retain all recoveries." (Am. Compl. ¶ 18, Ex. 3).

On November 16, 2011, Lefkowitz's counsel notified Corbis, by letter, that Lefkowitz wished to take legal action against HMH for unauthorized use of his photographs. (Am. Compl. ¶ 19). Corbis did not initiate a claim against HMH within 60 days of that letter. (Am. Compl. ¶ 20).

### B.     Procedural Background

Lefkowitz filed his initial complaint in this suit on April 6, 2012. He alleged that the HMH had infringed on his copyright in approximately 73 photographs.

On January 28, 2013, Lefkowitz filed a motion to amend his complaint. He asked the Court to allow three types of amendment: (1) to narrow the complaint by removing claims against the "John Doe" defendant; (2) to add a breach of contract claim against HMH; (3) to add a breach of contract claim against Corbis. Although the motion did not state this outright, Lefkowitz also sought to expand the number of copyright claims at issue from 73 to 418.

On April 3, 2013, the Court granted Lefkowitz's motion in part and denied it in part. The Court allowed Lefkowitz to remove claims against "John Doe," to add a breach of contract claim against HMH, and to expand the number of copyright claims at issue. The Court did not allow Lefkowitz to add a breach of contract claim against Corbis, as any such claim appeared to be

governed by an enforceable forum-selection clause included in the agreement between Lefkowitz and Corbis, which required any such action to be brought in New York.

The amended complaint was deemed to be filed on April 3, 2013.  On April 22, HMH moved to dismiss the amended complaint for failure to state a claim.

## II.  Standard of Review

On a motion to dismiss pursuant to rule 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).

## III.  Analysis

Defendant contends that plaintiff's breach of contract claims should be dismissed for three reasons:  (1) lack of standing, (2) improper venue, and (3) failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### A.  Lefkowitz's Standing

The complaint alleges 418 breach of contract claims.  It states that HMH has breached its contracts with Corbis by exceeding a contractual-usage limit without paying additional fees as required by the contracts.  Specifically, plaintiff refers to a paragraph in the Corbis Licensing Terms and Conditions, which states:

> **Unauthorized Use**: Without limitation, [i]mages may not be utilized as a trademark or service mark, or for any pornographic use, unlawful purpose or use, or to defame any person, or to violate any person's right of privacy or publicity, or to infringe upon any copyright, trade name, trademark, or service mark of any person or entity.  Unauthorized use of these [i]mages constitutes copyright infringement and shall entitle Corbis to exercise all rights and remedies under applicable copyright law, including an injunction preventing further use and monetary damages against all users and beneficiaries of the use of such [i]mages.  Corbis in its sole discretion reserves the right to bill you (and you hereby agree to pay) ten (10) times the normal license fee for any unauthorized use, in addition to any other fees, damages, or penalties Corbis may be entitled to under this [a]greement or applicable law.

(Compl., Ex. 2).

Plaintiff alleges that defendant's use of his photographs exceeded the limits set forth in its contract with Corbis, and therefore constituted an unauthorized use under the contract between Corbis and HMH.  Plaintiff thus alleges that he is entitled to payment of ten times the normal license fee for each image for which defendant has exceeded a contractual usage limit.  Defendant contends that plaintiff has no right to enforce the terms of the Corbis-HMH contracts, and therefore has no standing to bring the breach of contract claims set forth in the complaint.

Plaintiff first asks the Court to deny defendant's motion because the Court previously granted plaintiff's motion to amend the complaint, despite the fact that defendant had raised the same arguments in opposition to that motion as it raises here.  Plaintiff contends that the Court already ruled that the amended complaint was sufficient when it stated that Lefkowitz's copyright infringement claims "clear[ed] the threshold of Rule 8."  (Apr. 3, 2013 Tr. at 5:22-6:1).  Thus, he contends that the Court's prior ruling is "law of the case," and should be followed as such.

The Court did not, however, make any finding in its earlier ruling as to whether plaintiff had properly pleaded standing to assert claims for breach of contract.  It simply determined that

plaintiff's copyright claims, though "certainly not a model of perfect pleading," were pleaded with sufficient specificity that the Court would not deem them futile. Accordingly, the Court is not constrained in its ruling on this matter by any law of the case.

The licensing agreement between Corbis and HMH expressly states that "[a]ny dispute regarding this [a]greement shall be governed by the laws of the State of New York . . . ." (Compl., Ex. 2). Because plaintiff's breach of contract claims relates to the terms of that licensing agreement, they are covered by the agreement's choice-of-law provision, and thus are governed by the laws of New York.

Under New York law, a non-party to a contract may, under certain circumstances, bring a suit to enforce that contract. One such circumstance is when a non-party is a third-party beneficiary of the contract. "The third-party beneficiary concept arises from the notion that 'it is just and practical to permit the person for whose benefit the contract is made to enforce it against one whose duty it is to pay' or perform." *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., Inc.*, 66 N.Y.2d 38, 43 (1985) (citing *Seaver v. Ransom*, 224 N.Y. 233, 237 (1918). To do so, the non-party "must be the intended beneficiary of the contract, not an incidental beneficiary to whom no duty is owed." *Madeira v. Affordable Housing Foundation, Inc.*, 469 F.3d 219, 251 (2nd Cir. 2006) (quoting *County of Suffolk v. Long Island Lighting Co.*, 728 F.2d 52, 63 (2nd Cir. 1984).

New York courts have set forth two ways whereby a plaintiff can demonstrate that he has standing, as an intended beneficiary, to sue for breach of contract. A beneficiary has standing "only if no one other than the [beneficiary] can recover if the promisor breaches the [promise] or the contract language . . . clearly evidence[s] an intent to permit enforcement by the third-party."

*Abu-Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 172 (S.D.N.Y. 2009); *see also Fourth Ocean*, 66 N.Y.2d at 45.

Here, it is clear that the first basis for standing is not present. If HMH breached the terms of the contract, Corbis could seek to enforce those terms, and could recover damages for HMH's breach. The fact that Corbis has chosen not to sue in response to HMH's alleged breach does not alter the fact that it has the ability to do so.

Nor is there any language in the contract that "clearly evidences" an intent to permit Lefkowitz to enforce the provision. The licensing agreement provides that Corbis, *in its sole discretion*, has the option to bill HMH for ten times the normal license fee. It does not suggest that this provision is intended to benefit any party other than Corbis.

There is no question that plaintiff benefits from the overall contract between HMH and Corbis, as he undoubtedly receives payments from Corbis as a result of the payments *to* Corbis made by HMH. However, that benefit only establishes that he is an *incidental* beneficiary of the contract. Under New York law, plaintiff must establish more than a mere benefit to satisfy the requirements of standing. Plaintiff has not adequately pleaded that he is an intended beneficiary of the contract between Corbis and HMH, and thus has not established that he has standing to sue as a third-party beneficiary.

Another way in which a non-party can enforce a contract is through assignment. Plaintiff also contends that he has standing because Corbis assigned to him its right to sue to enforce the terms of its licensing agreement. That contention is based on a provision in his representation agreement with Corbis that grants him the right to sue for copyright infringement if Corbis declines to do so. That provision states:

> **Protection of Accepted Images.**  Corbis, in its sole discretion and without obligation to do so, shall have full and complete authority to make and settle claims or to institute proceedings in Corbis' or your name, but at Corbis' expense to recover damages for Accepted Images lost or damaged by customers or other parties and for the unauthorized use of Accepted Images . . . Following your notification, if Corbis declines to bring such a claim within sixty (60) days, we shall notify you, and you may bring actions in your own name at your own expense and retain all recoveries.

(Compl., Ex. 3 ¶ 6).  Plaintiff contends that, as a result of this provision, "[t]he contract claims for HMH's refusal to pay the ten-times license fee in the Corbis-HMH license agreements have been assigned to Lefkowitz by virtue of Lefkowitz's notice and Corbis's failure to bring these claims."  (Pl. Br. at 4).

Plaintiff's interpretation of the impact of the cited provision from his representation agreement simply is not supported by the language of that provision.  The provision essentially provides Corbis with the right of first refusal to sue for unauthorized use of plaintiff's images (or loss of or damage to the images).  In the event that Corbis declines to exercise that right, the provision states that plaintiff retains the right to bring such a suit on his own behalf.  It does not anywhere assign to plaintiff any right granted to Corbis by its contract with HMH.  Indeed, while the provision states that Corbis has the authority to sue *either* in its own name or in plaintiff's, it designates to plaintiff only the right to sue in his own name.  Thus, the provision evidences no intent to expand plaintiff's pre-existing rights to include those belonging to Corbis.

Even if this Court were to find that the cited provision constituted an assignment of Corbis's right to sue to enforce the terms of its licensing agreement with HMH, plaintiff arguably still would not have standing to bill HMH for ten times the normal licensing fee.  The Corbis contract with HMH sets forth two possible remedies for unauthorized use.  First, it states that unauthorized use "constitutes copyright infringement . . . and shall entitle Corbis to exercise

all rights and remedies under applicable copyright law . . . ." In other words, Corbis reserves the right to sue under the law of copyright. Second, the agreement separately states that "Corbis in its sole discretion reserves the right to bill" HMH for ten times the normal license fee. This term may simply provide liquidated damages in the event of unauthorized use. Alternatively, it could be interpreted as providing to Corbis a discretionary right to bill HMH retroactively, separate from the right to sue HMH. Under that interpretation, plaintiff's breach of contract claims would fail for the additional reason that nothing in plaintiff's contract with Corbis provides any indication of an intent to assign that separate right to plaintiff.

Plaintiff has not set forth any adequate basis for this Court to find that he has standing to enforce the terms of the contracts between Corbis and HMH. Thus, plaintiff has not adequately pleaded standing to bring any claims for breach of contract, and the Court need not consider defendant's other arguments.

Accordingly, defendant's motion to dismiss will be granted.

### III.     Conclusion

For the reasons set forth above, defendant's motion to dismiss the breach of contract claims is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 19, 2013